IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **EMMONIE BRANCH,**<br><br>**Plaintiff,**<br><br>**v.**<br>**METROPOLITAN NASHVILLE and DAVIDSON COUNTY, SHERIFF DARON HALL, individually And in his official capacity, Sgt. RONNIE DAVIS, Individually and in his official Capacity, ROSE WATKINS, individually And in her official capacity, JOHN DOE 1 Individually and in his official capacity, And JOHN DOE 2, individually and in his Official capacity.**<br><br>**Defendant.** | ) | **No.** |

## Complaint

COMES NOW Plaintiff, Emmonie Branch, by Counsel and files this Complaint against Defendants as more specifically set out below.

## PRELIMINARY STATEMENT

1. Plaintiff's claims under 42 U.S.C. § 1983 and state law arise out of Defendants' failure to provide proper medical treatment to Plaintiff which resulted in serious physical and emotional injuries to Plaintiff, and deprived Plaintiff of his clearly established rights guaranteed under the Constitutions and laws of the United States and State of Tennessee. Defendants violated the rights of the Plaintiff under the First, Eighth, and Fourteenth Amendments of the United States Constitution and the laws of Tennessee when they knowingly and with deliberate indifference to his constitutional rights denied him reasonable medical treatment for serious medical conditions, thereby causing his extensive physical and emotional pain and suffering. All defendants acted

under color of state and proximately caused the deprivation of Plaintiff's federally protected and state law rights.

**Count 1**
**Federal Constitutional Claims**

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

2. At all times relevant herein, Defendants were performing a traditional governmental function in operating a jail facility and were state actors. All actions and omissions of individual defendants as alleged herein, were performed under color of state law.

3. At all times relevant to the events giving rise to this cause of actions, Plaintiff was an inmate in the custody of Davidson County Sheriff's Office a division of Defendant, Metropolitan Nashville and Davidson County. Defendant, Daron Hall, was at all times hereto the Sheriff of Davidson County, Tennessee, and was responsible for the lawful operation of the county jail within which Plaintiff was incarcerated. John Doe 1 and John Doe 2 were at all material times hereto agents and employees of Metropolitan Nashville and Davidson County ("Davidson County") employed in the jail where Plaintiff was incarcerated. Sgt. Ronnie Davis, Nurse Rose Watkins, John Doe 1 and John Doe 2 received requests from Plaintiff for medical treatment for his broken hand and failed to provide adequate treatment or take any measures to ensure Plaintiff received the same. As the Plaintiff was in the custody and control of Davidson County and its agents and employees, Plaintiff did not have the ability to obtain medical treatment on his own to provide for his own well-being. Therefore, Defendants were under a constitutional duty to provide the Plaintiff with the basic necessities of life which include, but are not limited to, food, shelter, and proper medical care.

4. While incarcerated with Defendant, Plaintiff suffered a severely broken hand on or about June 8, 2013. Plaintiff was initially seen by agents and employees of Davidson County, one of whom Plaintiff believes would have been Nurse Rose Watkins. Plaintiff wasn't seen, however, until June10, 2013. At that time Plaintiff was given pain medication and an ace bandage as well as having an x-ray of his hand ordered for the following day.

5. Due to the seriousness of his injury and the immense pain and suffering he was experiencing he was seen on or about June 17, 2013, by agents and employees of Davidson County. On this particular day, Plaintiff was told that he would be scheduled to see an orthopedic doctor not employed by Davidson County so that his hand could be reset and placed in a cast for proper healing.

6. However, as of June 25, 2013, Plaintiff had not seen this orthopedic doctor nor had he received treatment for his hand. In fact Plaintiff was not seen by an orthopedic doctor until July 1, 2013, which was Dr. Baker.

7. Dr. Baker informed Plaintiff that Defendants had waited too long to send Plaintiff to him. Dr. Baker prescribed physical therapy to determine what if any range of motion would return. Dr. Baker gave specific orders that Plaintiff was to be treated by a licensed physical therapist outside of Defendant's facility. Defendant refused and failed to follow Dr. Baker's orders.

8. As a result, Plaintiff underwent surgery in September 2013 to re-break his hand and re-set the same.

9. Again, Dr. Baker prescribed physical therapy for Plaintiff post surgery by a licensed physical therapist outside of Defendant's facility. Defendant again refused and failed to follow Dr. Baker's orders.

10. Defendant's failure to provide medical treatment has resulted in a permanent disability to Plaintiff's hand which would not have occurred with proper medical treatment.

11. Defendants' acts and omissions as alleged more specifically herein breached this constitutional duty and violated Plaintiff's clearly established rights under the First, Eighth, and/or Fourteenth Amendment to the United States Constitution, as the Defendants were deliberately, consciously, and intentionally indifferent to the Plaintiff's obvious, serious medical needs.

12. The Defendants' actions and omissions alleged herein were consciously, deliberately, consciously, and intentionally indifferent to the serious medical needs of Plaintiff. As a direct and proximate cause of this indifference, the Plaintiff has suffered tremendous emotional and physical injury.

13. During his incarceration, Defendants were aware that Mr. Branch was suffering from a serious broken hand and deliberately and intentionally failed to provide Mr. Branch with these basic necessities.

14. Defendants, with knowledge of Plaintiff's serious and obvious medical needs and with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thereby endangering Plaintiff's health and well-being. Such acts and omissions of Defendants violated the rights secured to the Plaintiff by the First, Eighth, and/or Fourteenth Amendment to the United States Constitution.

15. Defendants, its agents and employees, with knowledge of Plaintiff's serious medical needs and with deliberate indifference to such medical needs, have acted or failed to act in such a manner as to prevent Plaintiff from obtaining timely and adequate medical treatment and to prevent needed medical treatment and care from reaching the Plaintiff, thereby endangering the

health and well-being of Plaintiff. Such acts and omissions by Defendants violate rights secured to the Plaintiff by the First, Eighth, and/or Fourteenth Amendment to the United States Constitution.

16. Defendants, its agents, and employees, with knowledge of Plaintiff's serious medical needs, had a constitutional duty under the Eighth and/or Fourteenth Amendment to the United States Constitution to provide needed medical care to inmates at Davidson County, including Plaintiff, in conformity with the standards for delivery of such medical care in the State of Tennessee.

17. Defendants, knowing of Plaintiff's serious medical needs and knowing also of the inadequacies and deficiencies in it's medical facilities, staffing and procedures at Davidson County, had a constitutional duty to establish and implement policies, practices and procedures designed to assure that Plaintiff received medical care and treatment in conformity with the standards of delivery of such medical care and treatment in the State of Tennessee.

18. Defendants, knowing of the serious medical needs of the Plaintiff, and with deliberate indifference to the inadequacies and deficiencies in it's medical facilities, staffing and procedures at Davidson County, failed and neglected to establish and implement policies and procedures designed to assure that the Plaintiff received proper medical care and treatment.

19. Defendants, knowing of the serious medical needs of the Plaintiff, had a constitutional duty to instruct, supervise and train their employees and agents to assure the delivery of medical care to Plaintiff consistent with the standards of medical care in the State of Tennessee, and have failed and neglected to establish and implement proper training, supervision, and monitoring programs designed to assure that the Plaintiff received proper medical care and treatment.

20. Defendant is under a constitutional duty to ensure that its jails, prisons, and other correctional facilities, including Davison County, are operated in a lawful manner, preserving to prisoners the rights, privileges, and immunities guaranteed to them by the Constitutions and laws of the United States of America and the State of Tennessee.

21. Defendants permitted, encouraged, tolerated and/or knowingly acquiesced to an official pattern, policy, or practice of Defendants' employees and agents violating the constitutional rights of inmates, including Mr. Branch. The actions of the individual Defendants and other agents and employees complained of herein were unjustified, unreasonable, and unconstitutional and constituted a violation of Plaintiff's clearly established rights, privileges and immunities guaranteed to him by the First, Eighth, and/or Fourteenth Amendment to the United States Constitution which include but are not limited to the following:

a. Freedom from cruel and unusual punishment;
b. Freedom from deprivation of life and liberty without due process of law;
c. Freedom from confinement without the provision for adequate medical care and treatment;
d. Freedom from arbitrary government action which is so outrageous as to shock the conscience of a civilized society;
e. Freedom from intentional discrimination on the basis of physical impairment.

22. Alternatively, Defendants are liable for the actions of their employees and agents by virtue of the fact that they investigated this incident and found that all employees and agents acted in compliance with the policies, practices, and customs of the Defendants and, therefore, ratified, condoned, and approved the conduct of the Individual Defendants and other employees and agents in this matter in all respects.

23. Alternatively, Defendants are liable for the actions of their employees and agents under the doctrines of agency, vicarious liability, employer-employee relations, master-servant,

respondent superior, joint venture, contract and as a result of their non-delegable duty to comply with the constitution and laws of the United States and the State of Tennessee.

24. Defendants have maintained and exhibited a pattern, practice, custom, and policy of deliberate indifference to the serious medical needs of Plaintiff which was the motivating force behind the Plaintiff's deprivation of constitutional rights under the First, Eighth, and Fourteenth Amendment rights and, accordingly, he is entitled to recovery from these Defendants.

**Count II**
**Violation of Tennessee Constitution, Article 1, §16 and §32**

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

25. In Article 1, §16, the Constitution of the State of Tennessee provides that no cruel or unusual punishment shall be inflicted.

26. Article 1, § 32 the Constitution of the State of Tennessee, requires the "humane treatment of prisoners."

27. While the Plaintiff has alleged in Count 1 that the conduct of Defendants violated the Plaintiff's federal constitutional rights, Plaintiff further alleges that the same conduct violated Plaintiff's rights under §§ 16 and 32 of the Tennessee Constitution.

**Count III**
**Violation of Tennessee Code Annotated § 41-21-201 and 204**

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

28. Tennessee Code Annotated §41-21-201 states that "the warden is charged with the duty of treating the prisoners with humanity and kindness, and protecting them from harsh and cruel treatment and overwork." (emphasis added). Clearly, Plaintiff was not treated with humanity and

kindness, nor even a degree of human decency, amounting to harsh and cruel treatment in direct violation of this statute. Plaintiff submits that he was in the class of persons that this statute was designed to protect.

29. Davidson County's employees committed unlawful acts and violations as set forth in the body of this Complaint, all of which directly and proximately contributed to the injuries of Plaintiff and his child.

30. Tennessee Code Annotated §41-21-204 states in part that "Any inmate who is ill shall receive proper medical treatment." (emphasis added). Defendants denied Plaintiff proper medical treatment in direct violation of this statute. Plaintiff submits that he was in the class of persons that this statute was designed to protect.

31. Tennessee Code Annotated §41-21-201 and 204 creates a duty, the breach of which by Defendants constitutes negligence per se. The negligence, reckless and wanton acts of Defendants, in direct violation of these statutes, proximately caused injuries to the Plaintiff and the untimely birth and death of Plaintiff's child, and he is entitled to recover for his injuries therefrom.

32. The actions and omissions of the Individual Defendants and other agents and employees of the Defendants set forth herein were committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice, and intentional misconduct, supporting and award of punitive damages.

## Count V
## Ordinary Negligence

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

33. While the Plaintiff has alleged that the acts and omissions set forth herein violated his constitutional rights, Plaintiff alternatively pleads that the conduct alleged herein constitutes at least ordinary negligence under the laws of the State of Tennessee. This claim for ordinary negligence and does not involve a decision, act, or omission based on medical science or specialized training or skill. The acts or omissions complained of herein may be assessed by the trier of fact based on common, everyday experiences. The acts or omissions complained of herein involve mere custodial neglect and not medical malpractice.

34. Defendants owed a duty to prisoners in their custody to provide custodial care, treatment, and services within accepted custodial standards of jails, prisons, and other correctional facilities, including Davidson County. Defendants owed a duty to the prisoners of their custody to hire, train, supervise, and provide a sufficient number of employees to deliver custodial care and services to prisoners in a safe and adequate manner at Davidson County.

35. Defendants breached the duties owed to prisoners in their custody and were negligent in their non-medical, ordinary care and treatment of Mr. Branch by and through their acts or omissions, which were within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis, including but not limited to the following:

a. Failure to provide sufficient numbers of certified nursing assistants or other persons to meet the custodial needs of Plaintiff;
b. Failure to administrate the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies to care for all prisoners;
c. Failure to provide a sufficient number of non-licensed staff to prevent Plaintiff's needs from being ignored and to ensure that Plaintiff's health care plans and/or medical orders could be complied with by such non-licensed staff;
d. Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Plaintiff received adequate and proper care;

e. Failure to provide adequate training and supervision of non-medical staffing to comply with their duties and the health care plans and/or medical orders of prisoners;
f. Failure to provide basic and necessary non-medical care and supervision during Plaintiff's incarceration; and
g. Failure to protect Plaintiff from neglect during his incarceration.

36. The injuries and damages described in this Complaint were a direct and proximate result of the acts or omissions set forth above, singularly or in combination.

37. As a direct and proximate result of the aforementioned negligence, Plaintiff suffered mental anguish, pain and suffering, and physical injuries and injuries to his dignity.

**Count VI**
**Punitive Damages**

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as it fully set forth herein.

38. The actions and omissions of Defendants, its employees and agents, complained of herein, were unlawful, shocking to the conscience and unconstitutional, and performed maliciously, recklessly, fraudulently, sadistically, intentionally, willfully, wantonly and in such a manner as to entitle Plaintiff to a substantial award of punitive damages.

**DAMAGES**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

39. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff's constitutional rights were violated and he was injured and damages. The injuries and damages for which Plaintiff seeks compensation from Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

a. Physical pain and suffering;
b. Emotional pain and suffering;

c. Loss of enjoyment of life;
d. Fright, shock, anxiety, and humiliation;
e. Permanent injuries;
f. Punitive Damages;
g. Pre- and post-judgment interest;
h. Statutory and discretionary costs;
i. Attorney's fees and costs pursuant to 42 U.S.C. Section 1988;
j. A declaratory judgment that the acts and conduct herein was unconstitutional;
k. Injunctive relief precluding Defendants from engaging in the conduct complained of herein in the future and requiring Defendants to provide proper policy, training, and supervision of its employees and holding them accountable for their misconduct;
l. All such further relief, both general and specific, to which he may be entitled under the premises.

**PRAYERS FOR RELIEF**

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

40. WHEREFORE, PREMISES CONSIDERED, Plaintiff Emmonie Branch prays that this Honorable Court enter a judgment against Defendants for compensatory damages for the injuries and damages sustained by him in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises, including all reasonable costs, interest, and attorney fees.

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff Emmonie Branch prays that this Honorable Court enter a judgment against Defendants for punitive damages in an amount to be determined by the jury as fair and reasonable to punish Defendants and to deter others from engaging in similar misconduct and for all such further relief, both general and specific, to which she may be entitled under the premises, including all reasonable costs, interest and attorney fees.

**THE PLAINTIFF RESPECTFULLY DEMANDS A JURY TO TRY THE ISSUES ONCE JOINED.**

Respectfully submitted,

Andy L. Allman, BPR No: 17857
Allman & Associates
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
Telephone: (615) 824-3761