UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EMMONIE BRANCH,                    )
                                   )
          Plaintiff               )
                                   )    No. 3:14-1271
v.                                 )    Senior Judge Haynes/Bryant
                                   )    **Jury Demand**
METROPOLITAN NASHVILLE and         )
DAVIDSON COUNTY, *et al.*,         )
                                   )
          Defendants               )

**TO:  THE HONORABLE WILLIAM J. HAYNES, JR.**

### REPORT AND RECOMMENDATION

Defendants have filed their motion to dismiss for Plaintiff's failure to comply with a previous order of the Court compelling discovery (Docket Entry No. 54). Plaintiff has not responded in opposition, and the time within which he was required to do so has expired.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be granted**.**

### STATEMENT OF THE CASE

Plaintiff Branch, a prisoner, filed his civil rights complaint on June 6, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs while he was confined in Defendants' custody as a prisoner, in violation of Plaintiff's rights under the amendments to the United States Constitution.

On March 20, 2015, the Court granted a motion for leave to withdraw filed by Plaintiff's counsel (Docket Entry No. 37). Plaintiff has failed to employ new counsel, and Plaintiff has been proceeding *pro se*.

**SUMMARY OF PERTINENT PROCEDURAL HISTORY**

On January 6, 2015, Defendants filed their motion to compel responses to written discovery (Docket Entry No. 33). After Plaintiff failed to respond in opposition to this motion, the Court on June 15, 2015, granted Defendants' motion to compel and ordered Plaintiff to serve discovery responses by July 7, 2015 (Docket Entry No. 41). This order expressly admonished Plaintiff that his failure to comply with this order may subject him to discovery sanctions, including but not limited to dismissal of this action.

Defendants now have filed their motion to dismiss after Plaintiff failed to serve discovery responses in compliance with the Court's order.

**ANALYSIS**

Rule 37(b) of the Federal Rules of Civil Procedure provides that a court may impose sanctions including dismissal of an action for a party's failure to comply with a court order compelling discovery. In this case, Plaintiff Branch failed to respond in opposition to Defendants' motion to compel and thereafter failed to comply with the Court's order requiring

2

Plaintiff to serve responses to written discovery. From the record, it appears that Plaintiff Branch has done little or nothing and has been largely unresponsive since his lawyer was granted leave to withdraw from this case. In light of the foregoing, the undersigned Magistrate Judge finds that Defendants' motion to dismiss should be granted.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss (Docket Entry No. 53) be granted and the complaint dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 11ᵗʰ day of August, 2015.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge